Matter of Schmidt (2024 NY Slip Op 03432)

Matter of Schmidt

2024 NY Slip Op 03432

Decided on June 20, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.

2023-09398

[*1]In the Matter of Brian T. Schmidt, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Brian T. Schmidt, respondent. (Attorney Registration No. 3951993.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 23, 2001.

Courtny Osterling, White Plains, NY (Matthew C. Toal of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On October 13, 2023, the Grievance Committee for the Ninth Judicial District personally served the respondent with a notice of petition and a verified petition, both dated October 11, 2023, and duly filed those papers with this Court together with an affidavit of service. The petition contains four charges of professional misconduct, alleging, inter alia, that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in multiple real estate transactions and engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness as a lawyer by failing to cooperate with the Grievance Committee in its investigation of three complaints of professional misconduct, in violation of rules 1.15(a) and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon him of the notice of petition and the petition. To date, the respondent has neither served nor filed an answer to the petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on November 8, 2023, by electronic mail to the respondent's email address, upon consent, he has neither opposed the instant motion nor interposed any response thereto.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1), (3), and (5), based upon uncontroverted evidence of the respondent's professional misconduct by misappropriating client funds, his default in responding to judicial subpoenas requiring his appearance for an examination under oath and to produce records, and his failure to comply with a [*2]lawful demand of the Grievance Committee in an investigation. To date, the respondent has neither opposed this motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated October 11, 2023, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The separate motion, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
LASALLE, P.J., DILLON, DUFFY, CONNOLLY and GENOVESI, JJ., concur.
ORDERED that the motion of the Grievance Committee to deem the charges in the petition dated October 11, 2023, established is granted, and the Grievance Committee's separate motion, inter alia, pursuant to 22 NYCRR 1240.9(a)(1), (3), and (5) to immediately suspend the respondent, Brian T. Schmidt, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Brian T. Schmidt, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Brian T. Schmidt, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Brian T. Schmidt, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Brian T. Schmidt, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court